# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

ROGER DALE BELCHER, JR.,

    Plaintiff,

v.                                         Case No.  5:18-cv-240-MCR/MJF

RICK SCOTT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding *pro se* and *in forma pauperis*, commenced this action by filing a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned reviewed the Plaintiff's original complaint and noted that there were several deficiencies with the Plaintiff's complaint. The undersigned directed Plaintiff to file an amended complaint which corrected the deficiencies noted by the undersigned. (Doc. 12). Plaintiff filed an amended complaint (Doc. 13), but it contains the same deficiencies as those discussed in the undersigned's order to amend. Because Plaintiff's allegations do not indicate that Plaintiff has standing to

bring this action, the undersigned respectfully recommends that this case be dismissed.[1]

## I. Background

Plaintiff's amended complaint—the operative pleading in the instant action—names four defendants: Rick Scott, Pamela Bondi, Ron DeSantos (sic.), and Ashley Moody. (Doc. 13 at 2-3). Plaintiff's singular allegation is that Defendants are unlawfully allowing marijuana to be sold in the State of Florida in violation of federal law and the United States Constitution. (*Id.* at 13).

Plaintiff alleges violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff claims that the alleged constitutional violations caused the following injuries: (1) he was convicted and sentenced of possession of methamphetamine and other non-drug related charges;[2] (2) the sale of marijuana in Florida has an ill effect on the community as a whole; and (3) his interest in seeing the federal law be enforced has been harmed. (*Id.* at 9, 11-12). Plaintiff requests that this court issue an injunction against the State of Florida to stop the production and distribution of marijuana.

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

[2] *State v. Belcher*, 3:2017CF807 (Bay Cty. Ct. Mar. 20, 2017).

## II.     Legal Standard

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). Pursuant to the PLRA, federal courts are required to review the complaint to determine whether this action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

To survive dismissal at screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950 (quotation and citation omitted). And "bare assertions" that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951 (quotation and citation omitted).

Courts hold a *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers" and accordingly construe it "liberally." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citation omitted). Courts must not, however, "serve as *de facto* counsel" or "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69 (quoting *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

**III.  Discussion**

Pursuant to Article III of the United States Constitution, the judicial power of the federal courts is limited to the extent that they may only exercise jurisdiction over "Cases" and "Controversies." U.S. Const. art. III, § 2; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559, 112 S. Ct. 2130, 2135 (1992). Accordingly, jurisdiction

requires a justiciable case or controversy within the meaning of Article III. *See Allen v. Wright*, 468 U.S. 737, 750-51, 104 S. Ct. 3315, 3324 (1984).

Standing constitutes one component of justiciability and presents a "threshold question in every federal case, determining the power of the court to entertain the suit." *Lujan*, 504 U.S. at 560-61, 112 S. Ct. at 2136; *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2203 (1975). "Every litigant must possess standing to sue in the United States courts." *United States v. Johnson*, 983 F.2d 216, 218 (11th Cir. 1993). Because standing is a jurisdictional requirement, courts are obligated to address this issue *sua sponte*. *See Murphy v. Dulay*, 768 F.3d 1360, 1366 n.4 (11th Cir. 2014); *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806-07 (11th Cir. 1993).

To establish standing, a plaintiff seeking to invoke this court's jurisdiction bears the burden of demonstrating the three elements of Article III standing: (1) an injury in fact; (2) a causal connection between the injury and the alleged misconduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61, 112 S. Ct. at 2136. A case or controversy "requires a plaintiff with a personal stake in the outcome sufficient to assure an adversarial presentation of the case." *Hardwick v. Bowers*, 760 F.2d 1202, 1204 (11th Cir. 1985), *rev'd on other grounds*, 478 U.S. 186, 196, 106 S. Ct. 2841 (1986); *see Flast v. Cohen*, 392 U.S. 83, 99, 88 S. Ct. 1942, 1952 (1968) ("The 'gist of the question of standing' is

whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues . . . .'"). The "standing doctrine keeps courts out of political disputes *by denying private litigants the right to test the abstract legality of government action*." *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540, 1552 (2016) (Thomas, J., concurring) (emphasis added).

In order to satisfy the first prong, the injury in fact requirement, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc.*, 578 U.S. at ___, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136). As the Supreme Court has stated:

> It is an established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained, or is immediately in danger of sustaining, a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public.

*Ex parte Levitt*, 302 U.S. 633, 636, 58 S. Ct. 1, 1 (1937) (per curiam); *see also Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 228, 94 S. Ct. 2925, 2935 (1974) (Stewart, J., concurring) (stating that "generalized grievances about the conduct of government" are insufficient to confer standing).

Plaintiff's allegations in this case allege neither a particularized nor concrete injury. For an injury to be particularized it must be "individualized rather than

collective." *Spokeo, Inc.*, 578 U.S. at ___, 136 S. Ct. at 1548. It must "affect the plaintiff in a personal and individual way." *Id*. Further, concreteness requires the injury to be more than an "abstract" injury. *Id.* at 1549. Plaintiff's second purported injury—the harm to society that widespread use of marijuana likely will engender—does not constitute a particularized injury to Plaintiff. "A private individual has no standing to sue on behalf of the public at large . . . ." *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 541 (6th Cir. 2002). The only particular injury that Plaintiff alleges he suffered is his incarceration upon conviction of the crime of possession of methamphetamine and other criminal offenses. But it is readily apparent that his conviction and sentence was not caused by any change in policy regarding marijuana. Indeed, Plaintiff's conviction had nothing to do with marijuana. Furthermore, Plaintiff has not alleged any facts indicating that there is *any* connection between his conviction and sentence and Florida's policy regarding marijuana.

It also is worth noting that Plaintiff does not challenge the validity of his conviction of sentence, nor could he do so in a section 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973) (holding that a habeas corpus proceeding, not § 1983 action, is the appropriate remedy for a state prisoner to attack the validity of his conviction and sentence). Thus, even if this court were to rule that the Florida policy violates federal law and somehow caused Plaintiff to

be wrongfully convicted of possession of methamphetamine and other crimes, this court could not provide Plaintiff any relief from his conviction and sentence in this section 1983 action. Plaintiff, in short, cannot obtain redress in this section 1983 action for any harm he may have suffered from Florida's policy regarding marijuana. *Contrad v. Boiron, Inc.*, 869 F.3d 536, 452 (7th Cir. 2017) (noting that "lack of redressability defeats standing"); *Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998) ("A basic principle of standing is that a person is not entitled to litigate in a federal court unless he can show a reasonable probability of obtaining a tangible benefit from winning.").

The party invoking the jurisdiction of a court bears the burden of establishing standing. *Spokeo, Inc.*, 578 U.S. at ___, 136 S. Ct. at 1546-47; *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149 (2009) (noting that a litigant "bears the burden of showing that he has standing for each type of relief sought"). Because Plaintiff has not alleged facts indicating that he suffered an injury in fact that is fairly traceable to an alleged constitutional violation, and he has not alleged facts indicating that this court could redress any harm in this section 1983 action, he has failed to demonstrate that he has standing to bring this civil action. *See Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). When standing is lacking, a court must dismiss the pending action. *Linda R.S. v. Richard*

*D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149 (1973); *McGee v. Solicitor Gen. of Richmond Cty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013).

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's civil action be **DISMISSED**.

2. The Clerk of the Court be instructed to **CLOSE** the case file.

At Panama City, Florida, this 29th day of July, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.